UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

HELEN GAGLIARDI,                                               :
                                                              :
                                    Plaintiff,                :    **No. 26 Civ. 2110**
            - against -                                       :
                                                              :    **COMPLAINT**
RITTAL LLC,                                                   :
                                                              :
                                    Defendant.                :
------------------------------------------------------------------------- X

Plaintiff, through her attorneys Kessler Matura P.C., complaining of Defendant, alleges:

## **INTRODUCTION**

1.      Plaintiff Helen Gagliardi was employed by Defendant Rittal LLC as an Account Manager from July 2019 until her termination on October 7, 2021.

2.      During her employment, Ms. Gagliardi was entitled to receive commissions based on her sales, which were to be paid quarterly based on the percentage of quota met.

3.      Throughout her employment, however, Defendant failed to properly credit Plaintiff for numerous sales and commissions by misclassifying her accounts as house accounts and improperly crediting sales to other account managers.  Plaintiff raised this issue to Andrew Prichard, VP of Channel Sales, in 2021, but Defendant did not correct the issue and never paid her all of her earned commissions.

4.      As a result, Defendant failed to pay earned commissions in violation of New York Labor Law ("NYLL") §§ 190 and 193.

## **JURISDICTION & VENUE**

5.      This Court has jurisdiction over this matter pursuant to NYLL § 198 and 28 U.S.C. § 1332.

1

6.    Plaintiff and Defendant are citizens of different states.

7.    Plaintiff's damages, inclusive of liquidated damages but excluding interest, attorneys' fees, and costs, exceed $75,000.

8.    This Court is the proper because a substantial amount of the incidents giving rise to this action occurred in Nassau County.

**PARTIES**

*Plaintiff Helen Gagliardi*

9.    Plaintiff is an adult individual who resides in Florida.

10.    Plaintiff was employed by Defendant as an Account Manager from July 2019 until her termination on October 7, 2021.

11.    As an Account Manager, Plaintiff's primary duty was sales.

12.    Plaintiff was assigned to the New York Region.

13.    While employed by Defendant, Plaintiff lived and worked in New York.

14.    Plaintiff made sales to and met with clients across the New York City and Long Island Region.  For example, Plaintiff made sales to and visited with companies in Nassau County – like Alliance Systems Integrators Inc. located in Plainview, New York.

15.    While employed by Defendant, Plaintiff resided in and worked from Nassau County.

16.    When Defendant hired Plaintiff, Plaintiff resided in Nassau County.  Defendant hired Plaintiff and agreed to pay her commissions as set forth below, with the understanding that Plaintiff would make sales for Defendant to its customers located in New York, including Nassau County.

17.    Plaintiff was an "employee" within the meaning of N.Y. Lab. Law §§ 190(2).

2

*Defendant Rittal LLC*

18. Defendant is a foreign limited liability company, authorized to do business in New York State.

19. Defendant was previously known as Rittal North America, LLC.

20. Defendant is a Delaware LLC.

21. Defendant is a single member LLC.

22. Defendant is owned by a German limited liability company, its sole member.

23. Defendant, it's sole member, and the owner of its member are not citizens of Florida, New York, Delaware, or Illinois.

24. Defendant's headquarters are located at Woodfield Corporate Center 425 N. Martingale Road, Suite 400, Schaumburg, Illinois 60173.

25. Defendant does business in New York, including in Nassau County.

26. Defendant is a manufacturer of industrial and IT enclosures, racks, and accessories, including cooling solutions and power management systems for industrial, data center, outdoor, and hybrid applications.

27. Defendant was and still is an "employer" within the meaning of the NYLL § 190(3).

28. Defendant maintained control, oversight, and direction over its operations and employment practices.

## FACTS

29. Plaintiff made sales for Defendant from 2019 through 2021.

30. Plaintiff earned commissions on her sales.

31. The value of the earned commissions was keyed to the percentage above or below her established quota.

3

32. Plaintiff's commissions were earned on all sales she made on her assigned or acquired accounts.

33. She had excelled in the position for several years before 2021.

34. In 2020, for example, she was 103% her quota – generating $1.726 million in sales on a target of $1.67 million.

35. In about January 2021, however, Defendant shuffled Plaintiff's accounts. Defendant, however, did not alter the commission plan. That is, Plaintiff was still entitled to commissions on her sales.

36. Although Plaintiff continued to perform well in early 2021, over the remainder of the year, she was under target.

37. In this context, Plaintiff discovered that Defendant had not been crediting her sales for purposes of her actuals and bonus payments.

38. In a preliminary review of her sales she performed in about August 2021, Plaintiff uncovered $142,047 in sales that she generated but were not attributed to her by Defendant.

39. The following list, which includes the accounts by name, along with the amount of sales made the value of the credit attributed to Plaintiff, and the delta between the two, in a non-exhaustive list of sales that were not attributed to Plaintiff:

| Account Name | Sales | Credit Recv'd | Delta |
|---|---|---|---|
| Acrison | $266.00 | $0.00 | $266.00 |
| Alliance (Powertech) | $12,364.00 | $0.00 | $12,364.00 |
| Alliance Systems Integrators | $12,364.00 | $0.00 | $12,364.00 |
| Amico & Amico Source (Axecon) | $14,260.00 | $1,697.00 | $12,563.00 |
| Basaran Grinder | $8,706.00 | $0.00 | $8,706.00 |

4

| | | | |
|---|---|---|---|
| Brookhaven Labs | $4,056.00 | $0.00 | $4,056.00 |
| Brookhaven Labs | $820.00 | $0.00 | $820.00 |
| Cosmos Electronic Machine Corp. | $4,080.00 | $930.00 | $3,150.00 |
| Elevator Systems | $719.00 | $0.00 | $719.00 |
| Intelligent Security Systems | $400.00 | $0.00 | $400.00 |
| Intelligent Security Systems | $400.00 | $0.00 | $400.00 |
| Machinery Controls | $130.00 | $0.00 | $130.00 |
| Pyroteck | $14,184.44 | $0.00 | $14,184.44 |
| R & T Electric (Axecon) | $5,383.00 | $0.00 | $5,383.00 |
| Richmar | $140.00 | $0.00 | $140.00 |
| Rockwell | $60,050.00 | $0.00 | $60,050.00 |
| Saima (Axecon) | $26.00 | $0.00 | $26.00 |
| Schuetz | $4,050.00 | $0.00 | $4,050.00 |
| Westrock Packaging | $1,962.00 | $0.00 | $1,962.00 |
| Westrock Packaging | $314.00 | $0.00 | $314.00 |

40.    Defendant failed to pay Plaintiff about $20,400 based on these sales alone.

41.    Defendant failed to pay Plaintiff for sales on other accounts as well.

42.    Plaintiff notified Defendant of these shortcomings on September 1, 2021, by way of email to Andrew Prichard, with Stephen Cipolla cc'd.

43.    Shortly thereafter, Defendant fired Plaintiff.

### FIRST CAUSE OF ACTION

**NYLL – Failure to Pay Earned Commissions**

44.    Plaintiff incorporates by reference all preceding allegations.

45.    Section 193 of the New York Labor Law prohibits an employer from deducting from an employee's wages, except in limited circumstances.

46.    The unpaid commissions are wages as defined by NYLL § 190(1).

47.    Defendant violated NYLL § 193 by failing to pay Claimant her entire earned commissions.

48.    Defendant does not possess a reasonable, good-faith basis for believing that its failure to pay the Claimant her earned commissions complied with the NYLL.

49.    Defendant knew or should have known that it was not paying and ultimately failed to pay Plaintiff all her earned commissions.

50.    Due to Respondent's NYLL violations, Plaintiff is entitled to recover from Defendant her earned wages, liquidated damages, interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A.    Unpaid wages under the NYLL;

B.    Liquidated damages;

C.    Attorney's fees and costs of the action;

D.    Pre-judgment interest and post-judgment interest as provided by law;

E.    A declaratory judgment that the practices complained of are unlawful; and

F.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
       April 9, 2026

Respectfully submitted,

By: _____
       Garrett Kaske

6

**KESSLER MATURA P.C.**
Garrett Kaske
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone:  (631) 499-9100
Email:  gkaske@ kesslermatura.com

7